UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM TIERNO,                      :

      Petitioner              :        CIVIL ACTION NO. 3:24-790

      v.                             :              (JUDGE MANNION)

PA PAROLE BOARD, *et al.*,      :

      Respondents          :

### MEMORANDUM

Presently before the court is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 to challenge a denial of parole. The petition will be dismissed and a certificate of appealability will not issue.

**I.   BACKGROUND**

Petitioner, William Tierno, is incarcerated in Pine Grove State Correctional Institution ("SCI-Pine Grove") pursuant to a criminal conviction in the Schuylkill County Court of Common Pleas. He brings the instant case under 28 U.S.C. §2254 to challenge the denial of his parole in 2024 by the Pennsylvania Parole Board. (Doc. 1). Tierno asserts that the denial of parole violated his constitutional right to due process and violated the Ex Post Facto Clause of the United States Constitution. (*Id.*)

Respondents responded to the petition on July 3, 2024. (Doc. 11). Respondents argue that the petition should be dismissed both because

Tierno failed to exhaust state court remedies and because he has not alleged any nonconclusory facts showing that he is entitled to relief and therefore fails to state a prima facie claim for habeas corpus relief. (*Id.*) Tierno filed a reply brief on August 26, 2024, making the petition ripe for review. (Doc. 14).

## II. STANDARD OF REVIEW

A challenge to the denial of parole is cognizable under Section 2254. *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). However, a federal district court may not grant parole or determine parole eligibility. *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Id*.

## III. DISCUSSION

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, because the denial of parole "does not implicate any constitutionally [or state] protected liberty interest," the scope of federal judicial review of state parole

denials is limited. *Diehl-Armstrong v. Pa. Bd. of Prob. & Parole*, No. 13-CV-2302, 2014 WL 1871509, at *5 (M.D. Pa. May 7, 2014). The federal court is confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980).

To show a violation of substantive due process, a habeas petitioner must demonstrate that: (1) he was arbitrarily denied parole due to impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination to deny parole. *Id.* "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002).

In this case, Tierno asserts that the denial of his application for parole violated his right to due process and constituted a violation of the Ex Post

3

Facto Clause. (Doc. 1). Respondents contend the petition should be dismissed for failure to exhaust and failure to state a prima facie claim for habeas corpus relief. (Doc. 11).

At the outset, the court finds respondents' exhaustion argument unavailing. This court recently rejected an essentially identical argument for failure to exhaust state court remedies in *Mathis v. Rivello*, No. 3:23-CV-225, 2025 WL 524301, at *7-8 (M.D. Pa. Feb. 18, 2025) (Mannion, J.). In *Mathis*, the court held that *Defoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005), remains good law and compels the conclusion that habeas petitioners challenging the denial of parole are not required to exhaust remedies through Pennsylvania state courts before they may file in federal court. *Mathis*, 2025 WL 524301, at *8. The court does not see any sound basis to reach a contrary conclusion in this case and accordingly holds that dismissal of Tierno's petition for failure to exhaust state court remedies is not warranted.

Turning to the merits, respondents argue the petition should be dismissed because it does not assert any nonconclusory factual allegations to show that Tierno's continued detention violates federal law. (Doc. 11).

The court agrees. A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 must "state the facts supporting each ground." Rule 2(c)(2), Rules Governing Section 2254 Cases, Following 28 U.S.C. § 2254. A petition

is subject to dismissal without an evidentiary hearing if it offers nothing more than "bald assertions" and "conclusory allegations." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d. Cir. 2010) (quoting *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008)). The petition must present a prima facie claim for habeas corpus relief by making "sufficient 'factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Id.* at 392 (quoting *Schiro v. Landigan*, 550 U.S. 465, 474 (2007). "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 395 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

    In his petition and supporting brief, Tierno makes several conclusory assertions of violations of his constitutional rights. (*See, e.g.*, Doc. 1 at 5 ("The Pa. Parole Board rendered a parole decision denying Petitioner parole that is arbitrary, capricious, and violative of due process guarantees due to Parole Board did not consider Petitioner's parole application in accordance with articulated statutory standards."); *id.* at 6 ("The Pa Parole Board retroactively applied sentence and parole statutes & guidelines that were not in effect at the time of Petitioner's crimes & sentencing.")); *see also*, *e.g.*, Doc. 2 at 6-17 (advancing numerous additional conclusory statements of constitutional violations). But Tierno simply fails to allege any facts in support of his claims. Although Tierno argues in his reply brief that he has stated

sufficient facts in his petition, (*see* Doc. 14 at 9-10), he fails to state what those facts are or cite where in the petition they may be found. Instead, Tierno argues he should be granted relief because respondents have not "rebutted" or "refuted" his claims. (*Id.* at 13). But because Tierno has not presented a prima facie claim for relief, there is no claim for respondents to rebut. Thus, the petition will be dismissed because it does not state a prima facie claim for habeas corpus relief. *See Palmer*, 592 F.3d at 393-95.

## IV. CONCLUSION

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   September 17, 2025**
24-790-01